FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 JUL 19  A 10:45

CLERK'S OFFICE
AT GREENBELT

BY ____KN____ DEPUTY

United States District Court

District of Maryland

Civil Docket No. _____

RWT 10 CV 1935

Curtis L Celestine,

Plaintiff

vs.

Larnzell Martin

## VERIFIED COMPLAINT

Individually and in his/her official capacity as Justice of the Circuit Court of Prince George County,

Defendant is a Judge presiding at the Circuit Court of Prince George County.

## JURISDICTIONAL BASIS

I. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the Fifth, Eighth and Fourteenth Amendments of the federal Constitution, by the defendant under color of law in his/her capacity as a judge in the Circuit Court of Prince George County.

## PARTIES

III. Plaintiff Curtis L Celestine is a natural person residing at 9111 Matador Ct Clinton, Prince George County, Maryland.

IV. Defendant is a Judge presiding at Prince George Circuit Court in Upper Marlboro Maryland.

## STATEMENT OF CASE

In April of 2006, Amabelle Celestine filed for divorce and custody of the children between herself and Curtis Celestine two weeks before his separation date from the military; Mr. Celestine separated from the USAF for medical reasons and applied for disability because of his injuries and illness directly attributed to his service in the Air Force.

The case went before Judge L. Martin on April 5th 2007. In the ruling Judge Martin ruled that Mr. Celestine was voluntarily impoverishing himself by going to college and he made his ruling based on Goldberg v. Goldberg, supra, 96 Md. App. At 327; Judge Martin went on to say that Mr. Celestine should be able to obtain work in the profession he had in the military as an Engineering Assistant/Land Surveyor. Judge Martin ordered that Mr. Celestine pay $750.00 in child support a month, retroactive to the date of filing of the case.

Consequently after the ruling Mr. Celestine filed a motion for

reconsideration because the court had erred in determining Voluntary impoverishment of Mr. Celestine. In the motion, Mr. Celestine asked the courts to consider the factors that are used to determine if a parent is "voluntarily impoverished.

1. The current physical condition;
2. The respective level of education;
3. The timing of any change in employment or financial circumstances relative to the divorce proceedings;
4. The relationship of the parties prior to divorce proceedings;
5. Efforts to find and retain employment;
6. Efforts to secure retraining if that is needed;
7. Whether he or she has ever withheld support;
8. Past work history;
9. The area in which the parties live and the status of the job market there; and
10. Any other considerations presented by either party.

*Goldberg v. Goldberg*, supra, 96 Md. App. At 327 (quoting Jane O., 90 Md. App. At 422).

1. The court considered that Mr. Celestine has Sleep Apnea but did not consider his back condition, keratoconus and etc.. Mr. Celestine is a disabled Veteran and as such under state law, income cannot be imputed on a person that is mentally or physically disabled.
2. The court did not consider that the defendant had only a high school diploma and that the civilian counterpart, a Land Surveyor could not be obtained because it required a Bachelor degree and License.
3. The court did not consider that Amabelle Celestine filed for divorce on the 3rd of April and did not serve Mr. Celestine until the 21st of April; two weeks before he was going to be discharged from the military and that Mr. Celestine could not continue service in the military because his petition for continued service in the military had been denied.

4. The court did not consider that AMABELLE CELESTINE had assault the defendant and had been engaged in an affair with a convicted rapist that resulted in the marital separation for the 2nd and final time.

5. The court did not consider that the defendant had applied for retraining thru the Vocational Rehabilitation and Employment Division due to injuries and illness directly attributed to his service in the military.

6. The court did not consider that the defendant could not perform the job assigned in the military as a land surveyor and many other jobs due to his injuries and illness in the military, and that he required retraining because the job assigned in the military required a Bachelor degree and a license which Mr. Celestine did not have. Mr. Celestine at the time of his discharge from the military had a High School diploma.

7. The court did not consider that the defendant has never willfully withheld support from his children before and after his discharge from the military.

8. The court never considered the defendant's past work history in the military which was a Land Surveyor and not an Engineer.

9. The court did not consider that a Bachelor degree and License was required for employment as a "Land Surveyor."

10. The court did not consider that the defendant had no control over the Veterans Disability processing of his disability claim.

Mr. Celestine Motion for reconsideration was denied by Judge Martin on the bases that it did not contain a certificate of receipt, but had been mailed to the opposing party. Judge Martin made his ruling based on Attorney Rubard filing a motion to Strike Defendants pro se Motion for reconsideration, but Attorney Rubard never mailed a copy to the defendant or filed a certificate of receipt. However, attorney Rubard's Motion was granted. Why was attorney Rubard's motion granted and not Mr. Celestine's?

Additionally, in the motion, Mr. Celestine asked the court to grant him half of all the martial assets which included cash in the joint saving, 401k and a condo purchased during the marriage. This was also denied without a hearing.

Furthermore, after the Veterans department had processed and granted Mr. Celestine disability for his injuries and illness in the service a year and 2 months after he had left the service, he filed a Motion to have child support adjusted to reflect a change in his income from $0.00 to $1100.00. The motion went before Judge Martin who refused to accept any material evidence from Mr. Celestine. Therefore, denying Mr. Celestine's motion for change in material circumstance. Mr. Celestine also filed a motion for contempt against Amabelle Celestine for not allowing access to their two children for two years. Mr. Celestine is still waiting on a decision from Judge Martin; Mr. Celestine is still being denied access to his two children since the filing of his motion for contempt.

1. Mr. Celestine brings this complaint because Judge Martin engaged in egregious discrimination against Mr. Celestine in the divorce proceedings. Thus, denying Mr. Celestine equal protection under the Fourteenth Amendment.

2. Judge Martin's denial of a hearing for division of material property is also a denial of equal protection under the law and a violation of the Fifth and Fourteenth Amendment.

3. Judge Martin's imputing income on a disabled Veteran who has $0.00 income to

the amount of $750.00 a month is a violation of state and federal law and violates the Eight Amendment, which protects a person from cruel and unusual punishment.

4. Judge Martin's denial of Mr. Celestine's Motion for reconsideration for not having a certificate and granting Attorney Rubard's Motion to Strike in spite of not mailing or having a certificate is a violation of the Fourteen Amendment.

5. Judge Martin's refusal to allow Mr. Celestine to submit material evidence to show change in circumstance is a denial of due process which is a violation of the Fourteen Amendment.

6. Judge Martin's application of *Goldberg v. Goldberg* without any legal bases is a violation of the Fifth, Eight and Fourteen Amendment. Judge Martin's actions took away Mr. Celestine's ability to go to school because his driver's license was suspended for not being able to pay excessive child support. His credit was ruined, so he could not obtain a home or suitable employment because of adverse conditions of his credit report. Congress in its infinite wisdom saw that military service had an adverse effect on servicemen and women that were injured, so it established the federally run Vocational Rehabilitation and Employment Program to assist veterans that were found eligible with serious employment handicap due to injury and illness in service. Judge Martin had no legal bases to say that being in college as directed by the Vocational Rehabilitation and Employment Program to obtain employment was voluntary impoverishment. His ruling was reckless, ultra-vires beyond his legal jurisdiction.

## Prayer for Relief

Wherefore plaintiff prays this Court issue equitable relief as follows:

1. Issue injunctive relief commanding defendant to overturn his verdict as well as all other verdicts as a result of his ruling.

2. Issue declaratory relief as this Court deems appropriate and just.

3. Issue other relief as this Court deems appropriate and just.

4. Award plaintiff his costs of litigation, time, emotional distress, loss of income, loss of potential income and all fees and payments of or related to his ruling.

5. Prevent any and all actions of the lower court to jail or harass Mr. Celestine during the redress of this issue.

Respectfully submitted,

*[signature: Curtis L Celestine]*

9111 Matador Ct

Clinton, Md, 20735

(240)678-8016

## Statement of Verification

I have read the above complaint and it is correct to the best of my knowledge.